CASE NOS. 21-6044, 21-6049, 21-6133, 21-6134
_____

IN THE

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

SDM HOLDINGS, LLC, Respondent/Garnishee - Appellant,

and

AVON CAPITAL, LLC, a Wyoming Limited Liability Company,

Intervenor – Appellant,

vs.

UNIVERSITAS EDUCATION, LLC,
Petitioner/Judgment Creditor - Appellee.
_____

Appealed from the United States District Court for the
Western District of Oklahoma
Honorable Joe Heaton, United States District Judge
USDC Cause No. 5:14-FJ-00005-HE
_____

**PETITION FOR REHEARING OF APPELLANT SDM HOLDINGS, LLC**
_____

By: s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
jsandberg@pamlaw.com
PALMER LEHMAN SANDBERG, PLLC
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/Fax (214) 265-1950
**COUNSEL FOR APPELLANT
SDM HOLDINGS, LLC**

Come now Appellant SDM Holdings, LLC ("SDM" or "Appellant") and files this Petition for Panel Rehearing regarding the July 18, 2023 Opinion and Judgment (the "Opinion") issued in this appeal.

**Table of Contents**

I. Rule 40 Statement ............................................................................... 3

II. Universitas Did Not Re-File the Expired Judgment - The Universitas Notice of Refiling of Judgment Did Not Include the Expired Judgment ........ 4

III. Oklahoma Law Does Not Authorize the Filing of a Notice of Renewal Once the Five-Year Period Expired ............................................................ 5

IV. Supreme Court Precedent Requires That the Case Be Dismissed. ................. 6

V. This Court's Precedent Requires That the Case Be Dismissed ...................... 7

VI. There Is No Precedent for the District Court Keeping This Case Active. ...... 8

Conclusion .............................................................................................. 8

Certificate of Service ............................................................................... 10

Certificate of Compliance ........................................................................ 11

Certificate of Digital Submission and Privacy Redactions ........................... 11

Certificate of Virus Scan ......................................................................... 11

Appendix - Universitas Notice of Re-Filing of Judgment (Dkt 341)

# I. Rule 40 Statement

SDM does not request that the Panel modify its holding that once the five-year statutory period expired on December 3, 2020, the case became moot and the District Court lacked Article III jurisdiction. However, there is a significant issue that has been overlooked or misconstrued by the Court. *See* 10th Cir. L.R. 40.1(B).

There is language in the Opinion that could be interpreted as holding that Universitas's purported subsequent December 9, 2021 re-filing of the expired New York judgment somehow reinvested the District Court with (1) subject matter jurisdiction, and (2) possibly even personal jurisdiction over the other parties, SDM and Avon Capital, LLC, a Wyoming limited liability company ("Avon-WY") without service of process. Critically, Universitas did **not** re-file the expired New York judgment[1] – Universitas instead filed a two-page notice document that did **not** include the New York judgment. [Appendix - Dkt 341] Because the expired New York judgment was not re-filed by Universitas, the Opinion should be reissued and the District Court case dismissed in its entirety, for the reasons below.

Notably, the parties did not brief the impact of a subsequent filing of the expired New York judgment in this case. This is because it was not filed again by Universitas. Still, even if there was a subsequent re-filing of the expired New York

---

1 SDM did not locate in Universitas's brief a statement that Universitas re-filed the New York judgment.

judgment, this act would not re-invest the District Court with subject matter jurisdiction in this case. If Universitas wishes to proceed in the District Court, it must register the expired New York judgment in compliance with 28 U.S.C. 1963, and clearly it has not done so.

**II. Universitas Did Not Re-File the Expired Judgment - The Universitas Notice of Refiling of Judgment Did Not Include the Expired Judgment.**

A judgment is registered by "filing a certified copy of the Judgment." 28 U.S.C. § 1963. Once a judgment is registered in a district court, the registered judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

Universitas did not file a certified copy of the expired New York judgment when Universitas filed its December 9, 2021 Notice of Refiling of Judgment. (Appendix, Dkt 341)[2]. Further, Universitas did not file a certified copy of the expired New York judgment subsequently, as shown by the District Court docket. (Aplt. App. Vol 1 at 5)

As a result, and assuming, *arguendo*, that a subsequent re-filing of a judgment may somehow re-invest a district court with subject matter jurisdiction, Universitas's failure to actually re-file a certified copy of the expired New York

---

[2] SDM is including a copy of Universitas's Notice of Refiling in the Appendix and is filing a motion for leave to do so concurrently with the filing of this Petition so that the Notice is in the appellate record. SDM is unable to locate the Notice in the appendices already filed.

4

Judgment definitively establishes that once the District Court lost subject matter jurisdiction in December 2020, the District Court continues to lack subject matter jurisdiction to this day.

**III.  Oklahoma Law Does Not Authorize the Filing of a Notice of Renewal Once the Five-Year Period Expired.**

On page 12, the Opinion states that following December 2020 when the case became moot and the District Court lacked Article III jurisdiction, "Universitas's re-filing of the expired judgment in the Western District of Oklahoma on December 9, 2021 makes the judgment presently enforceable under *Taracorp*[*, Ltd. v. Dailey*, 419 P.3d 217 (Okla. 2018)]." Notably, Taracorp initially filed the foreign judgment in the District Court of Pottawatomie County, Oklahoma and then **filed** the foreign judgment approximately nine years later **in a different court**, the District Court of Marshall County. *Taracorp*, 419 P.2d at 218, 219. The Oklahoma Supreme Court held, in summary, that while the first registered judgment expired, the foreign judgment could be re-filed as long as the foreign judgment was still enforceable in the issuing state. *Id.*, at 223. Notably, *Taracorp* did not involve a second filing in the same court as the first court.

Similarly, a second filing of a foreign judgment was made in a new case number in *Yorkshire West Capital, Inc. v. Rodman*, 149 P. 3d 1088 (Okla. Court of Civil Appeals, 3rd Div. 2006):

> "In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution. But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire properly filed it a second time in Oklahoma under a new case number. That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735."

*Id.* Thus, Oklahoma law permits the re-filing, but not in the same case.

Next, when a foreign judgment is registered in an Oklahoma court, it is treated as an Oklahoma judgment. *Taracorp*, 419 P.2d at 223 fn 11 (quoting *Drllevich Construction, Inc. v. Stock*, 1998 OK 39, 958 P.2d 1277 (1998). The Oklahoma statutes do not contain language that permits an expired judgment to be revived as an alternative to registering the judgment a second time. 12 O.S. § 735(B) ("A judgment shall become unenforceable and of no effect if more than five (5) years have passed . . ..") Further, while section 735(A) authorizes the filing of a notice of renewal to prevent a judgment from becoming "unenforceable and of no effect", the filing must be done "within five (5) years after the date of filing of any judgment." 12 O.S. § 735(A). The New York judgment was filed in the District Court on November 7, 2014 (Opinion p. 7), so more than five years elapsed before the notice (without the expired New York judgment attached) was filed by Universitas on December 9, 2021. (Appendix - Dkt 341)

**IV. Supreme Court Precedent Requires That the Case Be Dismissed.**

If at any point during litigation, the action can no longer proceed because the claims have become moot, [the moot claims] must be dismissed . . .." *Genesis*

*HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)).

Accordingly, the void judgment should be vacated and this case should be dismissed in its entirety.

**V. This Court's Precedent Requires That the Case Be Dismissed.**

When a district court lacks subject matter because the claims before it become moot, it is appropriate to dismiss the suit. *N.M. Health Connections v. United States HHS*, 946 F.3d 1138, 1145 (10th Cir. 2022) (remanding to district court to vacate judgment on moot claims and dismiss the moot claims). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *N.M. Health Connections*, 946 F.3d at 1159 (citing *Brown v. Buhman*, 822 F.3d 1151, 1168 (10th Cir. 2016) (other cit. omitted).

> Because the . . . claims were moot before the district judge entered judgment, the proper remedy is vacatur and dismissal of the judgment as to those claims. *See Rio Grande Silvery Minnow* [*v. Bureau of Reclamation*], 601 F.3d [1096,] 1129 n.19 [(10th Cir. 2010)] ("When a case becomes moot prior to final adjudication, the district court was without jurisdiction to enter the judgment, and vacatur and dismissal of the judgment is automatic.")

*G.H. Daniels III & Assocs. v. Perez*, 626 Fed. Appx. 205, 215 (10th Cir. September 3, 2015) (footnotes omitted); *see GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 888 (10th Cir. 2005) ("Because plaintiffs' claims for injunctive and declaratory

7

relief became moot after the district court entered judgment in this case, this court DISMISSES those claims for lack of jurisdiction and VACATES the judgment of the district court as to those claims.) (capitals in original).

Accordingly, the void judgment should be vacated and this case should be dismissed in its entirety.

**VI. There Is No Precedent for the District Court Keeping This Case Active.**

SDM is unable to locate any legal authorities applicable to these facts that would support reinvesting the District Court with (1) subject matter jurisdiction, and (2) possibly even personal jurisdiction over Avon-WY and SDM, although the Opinion is silent on this issue, after the case became moot and the District Court no longer possessed subject matter jurisdiction. While the fact pattern in this appeal is pretty unique, the Opinion and Oklahoma law make clear that once the five-year window closes, the registered judgment is no longer enforceable, and that any refilings under 12 O.S. § 735 must occur within the applicable five-year window to be effective. It is indisputable that both five-year windows lapsed.

Finally, SDM joins the arguments and authorities in the petition for rehearing filed by Avon-WY.

## **CONCLUSION**

Appellant SDM Holdings, LLC respectfully requests that the Court grant this Petition, withdraw the Court's Opinion and issue a revised Opinion, reverse and

dismiss the case in the District Court and vacate the void judgment, or, in the alternative, reverse and order that the District Court vacate its judgment and dismiss the case, and grant Appellant SDM Holdings, LLC such additional relief to which Appellant is entitled at law or equity.

Respectfully submitted,
PALMER LEHMAN SANDBERG, PLLC

By: s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
State Bar No. 00790051
jsandberg@pamlaw.com
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/ (214) 265-1950 – Fax
**COUNSEL FOR APPELLANT
SDM HOLDINGS, LLC**

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the following counsel, on the 27th day of July, 2023 via the Court CM/ECF system and email.

Timothy F. Campbell, Esq. (tfc@meehoge.com)
MEE HOGE PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
Telephone: (405) 848-9100
Facsimile: (405) 848-9101
    and
Joseph L. Manson III, Esq. (jmanson@jmansonlaw.com)
Law Offices of Joseph L. Manson III
600 Cameron St.
Alexandria, VA 22314
Attorneys for Universitas Education, LLC

Alan L. Rupe, Esq. (alan.rupe@lewisbrisbois.com)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
Attorneys for Avon Capital, LLC,
a Wyoming limited liability company

                                                   s/ Jeffrey R. Sandberg
                                                   Jeffrey R. Sandberg

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,145 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Tenth Circuit Rule 32.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

s/ Jeffrey R. Sandberg_  
Jeffrey R. Sandberg

# CERTIFICATION OF PRIVACY REDACTIONS

Counsel certifies that all required privacy redactions, if any, have been made.

s/ Jeffrey R. Sandberg_  
Jeffrey R. Sandberg

# CERTIFICATION OF VIRUS SCAN

Counsel certifies that this document is scanned in real time for viruses by the TrendMicro Security Agent software and is virus-free.

s/ Jeffrey R. Sandberg_  
Jeffrey R. Sandberg

**APPENDIX – NOTICE OF REFILING OF JUDGMENT (DKT 341)**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC

    Petitioner/Judgment Creditor,

v.                                                                                                      Civil Action No.: 14-FJ-05-HE

AVON CAPITAL, LLC,

    Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC,

    Respondent/Garnishee,

SDM HOLDINGS, LLC,

    Respondent/Garnishee,

and

AVON CAPITAL, LLC, a Wyoming
Limited liability company.

    Intervenor.

## **NOTICE OF REFILING OF JUDGMENT**

Timothy F. Campbell of the law firm of MEE HOGE PLLP, counsel for the Petitioner/Judgment Creditor, Universitas Education LLC, and pursuant to the Order [Doc. #240] entered herein on April 8, 2021, hereby gives notice of refiling of the Judgment that was filed in this action as follows:

DATE OF FILING WITH THE DISTRICT COURT: November 7, 2014.

AGAINST JUDGMENT DEBTORS: Daniel E. Carpenter; Grist Mill Capital, LLC; Grist Mill Holdings, LLC; Carpenter Financial Group; Avon Capital, LLC; Phoenix Capital

1

Management, LLC; Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets; and Hanover Trust Company.

<u>JUDGMENT CREDITOR</u>: Universitas Education, LLC.

DATED this 9th day of December, 2021.

/s/ Timothy F. Campbell\_\_\_\_\_
Timothy F. Campbell, OBA No. 30513
tfc@meehoge.com
MEE HOGE PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
Telephone: (405) 848-9100
Facsimile: (405) 848-9101
ATTORNEYS FOR UNIVERSITAS
EDUCATION, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants on record:

John D. Stiner
Joseph H. Bocock
Alan Rupe
Gerald Green Melvin McVay
Clayton Ketter
Jeffrey Sandberg

/s/ Timothy F. Campbell_____