**Consolidated Appeal Nos. 21-6044, 21-6049, 21-6133, and 21-6134**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

**SDM Holdings, LLC Respondent/Appellant, and Avon Capital, LLC, a Wyoming limited liability company Intervenor/Appellant**

v.

**Universitas Education LLC, Petitioner/Judgment Creditor/Appellee**

On appeal from the United States District Court for
the Western District of Oklahoma
Civil Case No. 5:14-fj-00005-HE
Judge Joe L. Heaton, United States District Judge

**INTERVENOR/APPELLANT AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S PETITION FOR PANEL REHEARING**

Alan L. Rupe, OK #20440
Nanette Turner Kalcik, *pro hac vice*
Francis M. Schneider, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com
francis.schneider@lewisbrisbois.com

**ATTORNEYS FOR INTERVENOR/APPELLANT AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY**

Comes now Intervenor/Appellant Avon Capital, LLC, a Wyoming limited liability company (hereinafter referred to as "Intervenor/Appellant Avon Capital-WY" or "Intervenor/Appellant") and files this Petition for Panel Rehearing regarding the July 13, 2023 opinion issued in this consolidated appeal ("Opinion"). A copy of the Opinion is attached.

## **TABLE OF CONTENTS**

I. INITIAL STATEMENT ....................................................................... 1

    A. The Opinion Conflicts With Decisions Issued Under Oklahoma Law Related to Enforcement of a Foreign Judgment ....................... 1

II. CONCLUSION AND RELIEF SOUGHT ............................................. 6

III. CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)……………………………....7

IV. CERTIFICATE OF SERVICE, DIGITAL SUBMISSION AND PRIVACY REDACTIONS…………………………………....8

## I. INITIAL STATEMENT

### A. The Opinion Conflicts With Decisions Issued Under Oklahoma Law Related to Enforcement of a Foreign Judgment to the Extent it Found the District Court Regained Jurisdiction after the Case was Moot for Lack of Jurisdiction.

While this Court correctly vacated the district court's February 11, 2021 order for lack of jurisdiction, the Court should have also vacated and terminated the proceedings below. Once the district court lost Article III jurisdiction, the case became moot. Oklahoma law requires that the refiling of a judgment occur in a new case. Oklahoma law does not contemplate that mootness and lack of jurisdiction be cured by refiling an expired judgment in the same case. The case below should be dismissed for lack of jurisdiction.

Because Universitas is seeking to enforce its judgment in Oklahoma, pursuant to Federal Rule of Civil Procedure 69(a)(1), Oklahoma law on the registration of judgments applies to this dispute.[1] Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of

---

[1] "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See* Fed. R. Civ. P. 69 (a) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money."). The judgment at issue is a New York Judgment for the payment of money. (*See* Aplts. App. Vol. 1 at 29-32 (Doc 1-1)).

renewal of judgment was filed with the court clerk, last garnishment summons was issued, or sending of a certified copy of notice of income assignment. This Court correctly found that Universitas' "last relevant act was the issuance of a writ of garnishment to SDM on December 3, 2015." (Attachment 1 at 9-10 (Opinion)) Consistent with O.S. §12-735(B), this Court held that Universitas' Oklahoma judgment expired five years later, on December 3, 2020. *Id.*

> Though the district court initially had jurisdiction over this case, Universitas did not re-file its expired judgment before the district court entered its February 11, 2021 order. For the reasons explained above, that failure to re-file was fatal—there was no longer a judgment in existence for the district court to enforce at the time it entered the order. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up). As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.

(Attachment 1 at 11-12 (Opinion)).

The Court cited *Taracorp, Ltd. v. Dailey,* in support of the proposition that under Oklahoma law a foreign judgment can be filed a second time so long as the foreign judgment remained valid and enforceable in the original state. (Attachment 1 at 9-10 (Opinion)); *see also Taracorp, Ltd. v. Dailey*, 2018 OK 32, ¶ 5, 419 P.3d 217, 218-19, 223 (Okla. 2018). This Court held that the "critical distinction" between the facts of this case and *Taracorp* is that "in *Taracorp,* the expired

judgment was re-filed in Oklahoma prior to the attempt at enforcement." (Attachment 1 at 10 (Opinion) (citing *Taracorp,* 419 P.3d at 218)).

In *Taracorp,* plaintiffs obtained a default judgment from the District Court of Logan County, Colorado against defendants on June 4, 2007. *Taracorp,* 419 P.3d at 218. Plaintiffs acted quickly to execute their judgment, and on June 7, 2007, they filed their Colorado judgment in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659. *Id.* After years of inaction, on May 23, 2016, Plaintiffs re-filed the 2007 Colorado judgment in a new case in the District Court of Marshall County, Oklahoma. *Id.* at 219. Plaintiffs in *Taracorp* relied on the holding in *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006), that "nothing prevented the re-filing the judgment a second time in Oklahoma as long as the foreign judgment remained valid and enforceable in the original state." *Taracorp,* 419 P.3d at 219. Ultimately, the Oklahoma Supreme Court agreed. *Id.* at 223.

In *Yorkshire,* the Oklahoma Court of Appeals held:

> On de novo review, we find that the law in Oklahoma requires that a foreign judgment which is valid and enforceable in the issuing state may be filed as a new judgment in Oklahoma, even where the same foreign judgment has previously been filed and become dormant in Oklahoma. The judgment's validity in the issuing state is paramount, and nothing in the Act expressly prohibits a second filing of a judgment. In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution. But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed it a second time in**

**Oklahoma under a new case number.** That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735.

*Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ. App. 2006) (emphasis added). *Yorkshire* clearly outlines the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment: the expired Oklahoma judgment must be "filed a second time in Oklahoma under a new case number." *Id.* *Taracorp* followed this procedure. *Taracorp,* 419 P.3d at 218-19. When the Colorado judgment filed in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659 became dormant, *Taracorp* re-filed the Colorado judgment <u>in a new case</u> in the District Court of Marshall County, Oklahoma. *Id.*

In the instant action, Petitioner refiled the New York Judgment, December 9, 2021, <u>in the same case</u> *after* the district court lost jurisdiction on December 3, 2020. (Attachment 1 at 12 (Opinion)). Therefore, consistent with *Yorkshire* and *Taracorp,* Avon Capital-WY submits to the Court for rehearing one limited issue: whether this Court's finding that the refiling of the expired judgment in the moot Western District of Oklahoma case pending below restored jurisdiction and rendered the judgment presently enforceable[2] is contrary to Oklahoma law.

*Yorkshire* held that a judgment is properly refiled under Oklahoma law when it is filed "a second time in Oklahoma **under a new case number,**" Avon Capital-

---

[2] *See* Attachment 1 at 12 (Opinion).

WY prays that this Court amend its prior order to find that the matter below terminated when the district court lost jurisdiction. *Yorkshire,* 149 P.3d at 1093. Oklahoma law does not recognize refiling a judgment in a moot case nor does refiling a judgment cure the district court's lack of jurisdiction. Oklahoma law requires that Universitas, as the "judgment creditor[,] must still comply with the filing requirements and potential defenses found in 12 O.S.2001 § 721." *Yorkshire*, 149 P.3d at 1092.

Consistent with Oklahoma law, this Court vacated the district court's February 11, 2021 order, however the case should not be remanded for further proceedings. After the district court lost Article III jurisdiction and the case became moot, under applicable law, Universitas could not cure the loss of jurisdiction by refiling the judgment <u>in the same case.</u> *See Yorkshire,* 149 P.3d at 1093. Avon Capital-WY prays that the case below be dismissed for lack of jurisdiction and terminated as a result of this Court's finding that the district court lost jurisdiction on December 3, 2020, consistent with *Taracorp*. The district court's lack of jurisdiction renders all orders and actions that followed the expiration of the judgment moot. Avon Capital-WY respectfully prays that this Court rehear this limited issue and amend its prior order to terminate the proceedings below effective December 3, 2020 when the district court lost Article III jurisdiction. To the extent

that Petitioner seeks to re-file the New York Judgment in Oklahoma, it must be refiled under a new case number consistent with *Yorkshire.*

II.     CONCLUSION AND RELIEF SOUGHT

Intervenor/Appellant Avon Capital, LLC, a Wyoming limited liability company, respectfully requests the Court grant this Petition, consider this appeal and amend its Opinion to: vacate the district court's February 11, 2021 order; cause the district court's proceedings to be terminated when it lost jurisdiction on December 3, 2020; vacate all orders of the district court that followed the loss of jurisdiction, and assess all fees, expenses, and costs against Petitioner related to the receiver and the receivership.

/s/ Alan L. Rupe
Alan L. Rupe, OK # 20440
Nanette Turner Kalcik, *pro hac vice*
Francis M. Schneider, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   (316) 609-7900
Facsimile:    (316) 462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com
francis.schneider@lewisbrisbois.com

*Attorneys for Intervenor/Appellant Avon Capital, LLC, a Wyoming limited liability company*

# CERTIFICATE OF COMPLIANCE

This Petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) and Tenth Circuit Cir. R. 8.1 because it contains 1,518 words, as determined by the word-count function of Microsoft Word 365.

This brief complies with the typeface requirements of Tenth Circuit Cir. R. 32 and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionately spaced typeface using a 14-point Times New Roman font.

                                  /s/ Alan L. Rupe
                                  Alan L. Rupe

# CERTIFICATE OF SERVICE, DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that on July 27, 2023, the foregoing instrument was served via ECF to the following:

Jeffrey Sandberg
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenshaw
Timothy F. Campbell
Heidi Long
Joseph Manson

The undersigned further certifies that the digital submissions have been scanned for viruses on the above date.

/s/ Alan L. Rupe
Alan L. Rupe